UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN DOUGLAS CARLISLE,<br>Plaintiff,<br><br>v.<br><br>LUIS AYALA,<br><br>Defendant(s). | Case No.: 1:26-cv-05125-HBK (PC)<br><br>**ORDER SETTING SETTLEMENT CONFERENCE AND SETTLEMENT CONFERENCE PROCEDURES**<br><br>**Pre-settlement call:** 12/9/2026 at 10:30 a.m.<br><br>**Settlement Conference:** 12/16/2026 at 1:00 p.m. via Zoom Videoconference |

Plaintiff Tevin Douglas Carlisle is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. A settlement conference was previous ordered and is set to occur on December 16, 2026.

Accordingly, it is **ORDERED** that:

1. The Court sets a **telephonic** pre-settlement conference for **December 9, 2026 at 10:30 a.m.** Defense counsel shall email Magistrate Erica Grosjean's courtroom deputy at fnavarro@caed.uscourts.gov for the phone number and access code. Defense counsel shall arrange for Plaintiff's participation. The Court will also issue a writ of *habeas corpus ad testificandum* to allow for Plaintiff's participation, as appropriate.
2. A settlement conference is scheduled to occur on **December 16, 2026, at 1:00 p.m.**, before the undersigned, via Zoom videoconference. Defense counsel shall arrange for

Plaintiff's participation. Prior to the conference, defense counsel shall email Magistrate Erica Grosjean's courtroom deputy at fnavarro@caed.uscourts.gov for the Zoom videoconference connection information. The Court will also issue a writ of *habeas corpus ad testificandum* to allow for Plaintiff's participation, as appropriate.

3. Each party or a representative with full authority to negotiate and enter into a binding settlement agreement shall participate in the conference. The failure of any counsel, party, or authorized person subject to this order to participate in the conference may result in the imposition of sanctions.
4. Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Participants in the conference must be prepared to discuss the claims, defenses, and damages.
5. The parties shall engage in <u>informal</u> settlement negotiations as follows:
   No later than **November 25, 2026**, Plaintiff shall submit to Defendants, by mail, a written itemization of damages and a meaningful settlement demand, including a brief explanation of why such settlement is appropriate, which shall not exceed 5 pages.
   No later than **December 2, 2026**, Defendants shall respond, by mail or telephone, with an acceptance of Plaintiff's offer or a meaningful counteroffer, including a brief explanation of why such settlement is appropriate. If settlement is achieved, the parties shall file a Notice of Settlement as required by Local Rule 160.
6. If settlement is not achieved informally, the parties shall submit confidential settlement conference statements no later than **December 8, 2026**. Defendants shall email their statement to epgorders@caed.uscourts.gov. Plaintiff shall mail his statement, clearly captioned "Confidential Settlement Conference Statement," to United States District Court, Attn: Magistrate Judge Erica Grosjean, 2500 Tulare Street, Room 1501, Fresno, CA 93721. Once the parties have submitted their statements, they shall file a "Notice of Submission of Confidential Settlement Conference Statement" with the court. The confidential settlement conference statements themselves **should not be filed** with the court **nor served** on the opposing party.

7. The confidential settlement conference statements should be no longer than 5 pages in length and include:
    a. A brief summary of the facts of the case;
    b. A brief summary of the claims and defenses of the case, *i.e.*, the statutory, constitutional, or other grounds upon which the claims are founded;
    c. A forthright discussion of the strengths and weaknesses of the case and an evaluation of the likelihood of prevailing on the claims or defenses, from the party's perspective, and a description of the major issues in dispute;
    d. An estimate of the party's expected costs and time to be expended for further discovery, pretrial matters, and trial;
    e. A summary of past settlement discussions, including the informal settlement negotiations required above; a statement of the party's current position on settlement, including the amount the party would offer and accept to settle (in specific dollar amounts); and a statement of the party's expectations for settlement discussions;
    f. An estimate of any restitution allocated to Plaintiff, or other financial obligation assigned to Plaintiff, that would affect the parties' settlement discussions;
    g. A list of the individuals who will be attending the conference on the party's behalf, including names and, if appropriate, titles; and,
    h. If a party intends to discuss the settlement of any other actions or claims not raised in this suit, a brief description of each action or claim, including case number(s), as applicable.
8. The Clerk of Court is directed to serve a copy of this order on the Litigation Office at California Health Care Facility (CHCF).

IT IS SO ORDERED.

DATED: October 8, 2026

/s/ Eric P. Groj
UNITED STATES MAGISTRATE JUDGE